OPINION OF THE COURT
Jose Ramos-Lopez, J.
Respondent moves for an order dismissing the petition on ground that the petition is defective.
This is a holdover proceeding commenced by petitioner, a co-operative. Petitioner alleges, as a basis to evict respondent in the petition, that the subject accommodations were converted to a co-operative on November 30, 1979 and “tenant has refused to vacate the premises in accordance with section 61 of the Rent Stabilization Code.” [Code of the Real Estate Industry Stabilization Association of New York City.]
Respondent contends that the petition is legally defective because it fails to set forth that petitioner complied with the applicable provisions of section 61.
Co-operative accommodations are under the guidelines of the Emergency Tenants Protection Act of 1974, as implemented by New York City Resolution No. 276, and the tenants can only be evicted in accordance with the New York City Rent Stabilization Code of 1969 (Code), as amended. (Krauss v Perry, 53 AD2d 578; 38-50 West 9th St. Corp. v Stagg, NYLJ, April 12, 1978, p 10, col 1.) Section 61 of the Code is the applicable statute in the instant case.
*339 Petitioner seeking to evict a tenant under section 61 of the Code must comply with the applicable provisions therein and the failure to do so will result in the dismissal of the petition. (Krauss v Perry, supra; 38-50 West 9th St. v Stagg, supra.)
Further, RPAPL 741 (subd 4) provides in relevant part that, “Every petition shall *** State the facts upon which the special proceeding is based.”
The court finds that compliance by petitioner with the provisions of section 61 of the New York City Rent Stabilization Code is an essential fact upon which petitioner’s holdover proceeding is based and therefore must be pleaded in the petition.
The petition does not properly set forth a cause of action against respondent. The mere fact that the accommodations were converted to a co-operative cannot by itself be a basis to evict respondent. Moreover, section 61 places a duty upon petitioner, not respondent, to comply with the provisions therein.
Accordingly, motion by respondent is granted only to the extent of directing petitioner to serve and file an amended petition in compliance with this order within seven days after service of a copy of this order with notice of entry. Respondent shall have seven days thereafter to serve and file an amended answer if he so desires.